IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOSE ALFREDO AYALA-COLON** | |
| Petitioner, | |
| | |
| v. | **CIVIL NO. 09-2220(PG)** |
| | **RELATED CRIM. 06-087(PG)** |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

## OPINION & ORDER

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.1).[1]  Respondent filed a Response to the Petition (D.E.5) and Petitioner filed a Reply thereto (D.E. 8).  For the reasons discussed below, the Court finds the Petition shall be **DENIED** and the request for evidentiary hearing is also **DENIED.**

## I. BACKGROUND

On March 9, 2006, Petitioner, Jose Alfredo Ayala-Colón (hereinafter "Petitioner" or "Ayala-Colón") and an additional co-defendant were indicted in a three (3) count Indictment by a Federal Grand Jury (Crim. D.E. 16).[2] Petitioner was specifically charged with conspiracy to commit an armed bank robbery of a federally insured financial institution, in violation of Title 18, United States Code, Section 371; aiding and abetting with his co-

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim.D.E. is an abbreviation of criminal docket entry.

defendant to take by force from bank tellers and others money in the amount of Forty Six Thousand One Hundred Dollars ($46,100.00) and while doing so Petitioner and his co-defendant assaulted and/or put in jeopardy the life of any person by the use of a dangerous weapon or firearm, in violation of Title 18, United States Code, Sections 2113(a)&(d) and 2; and aiding and abetting with his co-defendant, Petitioner knowingly, used, carried and brandished firearms in furtherance of and during the commission of an armed bank robbery in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and 2 (Crim. D.E. 16).

On October 3, 2006, Petitioner, through his counsel, filed a Motion in Limine to Exclude Co-defendant's Statement from the Government's Case in Chief under Bruton v. United States[3] (Crim. D.E. 40). On November 13, 2006, Petitioner's jury trial started (Crim. D.E. 50).

On November 14, 2006, co-defendant's counsel filed a Motion to Suppress Evidence and Statement (Crim. D.E. 54). On November 14, 2006, out of the presence of the jury, testimony regarding co-defendant's statements was heard by the Court. At issue were the statements given by Petitioner's co-defendant, upon being detained, to the

---

[3] Bruton v. United States, 391 U.S. 123 (1968) - A Bruton claim arises in a narrow set of circumstances, specifically involving the admission of a non-testifying co-defendant's out of court statement during a joint trial for the purpose of proving the truth of the matter asserted - Tennessee v. Street, 471 U.S. 409 (1985).

Civil No. 09-2220(PG)                                                    Page 3

Police of Puerto Rico as to where was the money bag and the weapons.  At the conclusion of the testimony and argument of the evidentiary hearing, the Court determined that the statement given by Petitioner's co-defendant was admissible (Trial Tr. of 11/14/2006, p. 110).  Upon said ruling by the Court, and still outside the presence of the jury, Petitioner's counsel objected to the admission of the statements arguing that the statements would have a "spill over effect" towards his client and thus causing a Bruton as well as a Crawford[4] problem (Trial T. of 11/14/2006, p. 120).  Whereupon the following transpired (still outside the presence of the jury):

>    THE COURT: At sidebar I asked counsel for the Government whether there was any other information concerning or any other statements made by either one of the defendants.
>
>    I was advised that besides the testimony that Mr. Mojica [Police of Puerto Rico] gave in the hearing

---

[4] Crawford v. Washington, 541 U.S. 36 (2004) - The Supreme Court decision in Crawford held that the Confrontation Clause prohibits the admission of testimonial hearsay into evidence against the defendant unless the declarant is unavailable to testify at trial and the defendant has a prior opportunity to cross-examine him.  Even where a declarant's out of court statement is testimonial, the statement may nevertheless be admitted into evidence if one of the following three circumstances exists: (1) the statement is not hearsay in that it is being admitted for a purpose other than establishing the truth of the matter asserted; (2) the declarant testified at trial; or (3) the defendant had a prior opportunity to cross-examine the declarant and the declarant is unavailable. United States v. Maher, 454 F.3d 13 (1st Cir. 2006).

outside the presence of the jury, that there is an FBI task force agent who interviewed one of the defendants, Mr. Zamora Cruz, and that he did provide further information as to the car and how the robbery was planned and the purchase of the stockings or hose that were used for the robbery. Mr. Vernon Miles [the prosecutor] had stated to the Court that in view of the motion presented by Mr. Matos [Petitioner's counsel] concerning a potential <u>Bruton</u> problem. If both statements, that is, the statement as to which the Court has had this hearing outside the presence of the jury, and the other statement given by Mr. Zamora to the FBI later on that day, will not be presented by the Government before the jury. The Government, then, would not be using that, any of those two statements in their case in chief.

Then the situation or the potential <u>Bruton</u> problem is dissipated because of the statement of Mr. Vernon Miles.

And I want you to reiterate that on the record so that we have it on record.

MR. MILES: That's correct, Your Honor. Based upon our prior conversations with counsel, as well as the sidebar, the Government indicated it will not elicit information by Officer Mojica concerning the statements elicited from either of the

>subjects at the time of their arrest or prior to their arrest, which may have a tendency to implicate one or the other.
>In addition, the Government does not intend to present the confession of the defendants as provided by task force agent Luis Sosa in the absence of any matters that may require rebuttal.
>THE COURT: And that is the statement also by Mr. Zamora Cruz to the FBI which implicates Mr. Ayala.
>MR. MILES: That's correct, Your Honor.
>THE COURT: Which would also present a potential <u>Bruton</u> problem.
>MR. MILES: That's correct. And the Government will not present Agent Luis Sosa as a witness, at all.
>THE COURT: In view of that statement by Mr. Miles on the record, then your motion or your potential <u>Bruton</u> situation will not develop in the case in view of the Government's decision not to press that those statements be testified to by witnesses before the jury (Trial T. of 11/14/2005 at pp. 120-123).

On November 16, 2006, the fourth day of trial, during the cross-examination of Government witness Officer Santiago-Espada, the prosecutor at side bar expressed concern that the line of questions being posed as to lack of further investigation was creating a situation that would potentially cause the witness to testify as the co-

defendant's admission (Trial T. of 11/16/2006 at p. 40). Petitioner's counsel took the opportunity to renew his motion for severance based on a Bruton issue (Trial T. of 11/16/2006 at pp. 40-41).

On November 20, 2006, the fifth day of trial, the Government submitted a Motion for Reconsideration and asked that the previously agreed upon statements be admitted into evidence. That is the statements made by co-defendant prior to his arrest which the Government had agreed to exclude from its case in chief in order to avoid a Bruton situation. The Government's reasoning for the reconsideration was that the line of questions posed by both defense counsel during cross examination of the Police Officer allowed for the inference or understanding that the FBI did not continue with the investigation because of sloppy work or laziness (Trial T. of 11/20/2006 at pp. 2-78).[5] Throughout the legal discussion on the matter, Petitioner's counsel continued to ask for a severance based on a Bruton situation. The Court on more than one occasion informed and explained to Petitioner's counsel why the allowance of the statements would not constitute either a Crawford or a Bruton problem thus requiring a severance.[6]

---

[5] The legal argument as to this matter was conducted in its entirety outside the presence of the jury.

[6] THE COURT: We don't have a Crawford issue in this case...What we have is an effort by the Government not to bring in any evidence of statements made by a defendant which, in essence, was an admission to the commission of the crime. And through

On November 20, 2006, prior to the jury hearing the limited testimony as to why the Agent did not pursue other investigative areas, the Court gave the following cautionary instruction:

> THE COURT: Now, the Government is going to present another witness. The witness is Special Agent Mark Miller from the FBI. But before that witness testifies, I have to give you some instructions.

---

cross-examination of the defendants, both of them, insisting on the fact that the Government did not investigate this case so as to not raise an issue of reasonable doubt because of the fact that investigative techniques that were available to the FBI were not used in trying to ascertain the identity of the defendants as the robber in this case, either through fingerprint, through DNA, through voice comparison. As I see this case, then, it is of necessity for the Government to explain to the jury why all of these investigative techniques which were at their disposal, the 14 or 15 opportunities that they had to try to identify the defendants with the robbers in this case were not utilized precisely because immediately upon being detained at the site where they were first spotted by the police, one of the defendants said we threw the weapons away and the money is in the bag. (Trial T. Of 11/20/2006 at pp. 19-20).
THE COURT: Because we don't have a <u>Bruton</u> problem being a heresay statement not brought for the truth of the matter asserted therein. And then we don't have a <u>Bruton</u> problem (Trial T. of 11/20/2006, p. 34).
THE COURT:... The Government had nothing to do with the choices you made and how you defended your client and how, in view of the evidence against your client, which you knew all of it, how you would defend your client by putting the blame on the Government that they really didn't do an investigation in this case and they want you now to convict my client when they did not do the investigation that they should have done. The Government has a right to a fair trial (Trial T. of 11/20/2066, pp. 36-37).
THE COURT: No, I cannot sever it at this time. There is no severance possible, because there is no <u>Bruton</u> problem or other problem (Trial T. of 11/20/2006, p 72).

>     Remember that at the beginning of this case, I instructed you that you had to follow all the instructions that I gave you, whether you agree with them or not, whether they're during the course of the trial or at the end of the trial. And at this moment I'm going to give you what we call a cautionary instruction. That means that, as the word says "caution." I'm bringing to you this fact.
>
>     Mr. Miller is going to testify as to actions he took in his investigation of this case, based upon information he received. And what I'm going to instruct you is that his testimony concerning what he did, actions he took, because of information you had, is not being presented to you to consider the truthfulness of the defendant's statement in any way whatsoever.
>
>     You're instructed not to consider the statement that he's going to testify about as evidence of any of the counts or against the defendants of any of the counts charged in the indictment.
>
>     You're not to consider the statement for the truth of what is asserted there. And you must only consider this statement for a very limited purpose, and it is for providing a context for the FBI agent's decision not to send the fingerprint evidence or not to elaborate other evidence for

> processing.
>
> That is, that the information is not submitted to you because of its truth or falsity, but only as to the fact that this information was a basis for Mr. Miller's actions.
>
> This means that you cannot determine from that information that he's going to testify to, whether Mr. Ayala Colon or Mr. Zamora Diaz Cruz are guilty or innocent of this crime.
>
> So it's only offered to rebut or to put into context, better to put into context, his actions. And you are not to consider the truthfulness of the statement in any way whatsoever.
>
> Please remember this instruction while you hear the testimony of Mr. Miller. And I'm going to repeat the instruction to you again when I give you all the other instructions. But this is a cautionary instruction and it's being presented to you only in the context, only for the purpose of putting into context the actions that were taken by Mr. Miller in this case. (Trial T. of 11/20/2006 at pp. 82-84).

On November 21, 2006, the Jury returned its verdict finding Petitioner guilty as to all three (3) counts of the Indictment in which he was charged (Crim. D.E. 62). On February 20, 2007, Petitioner's Pre-Sentence Report was submitted (Crim. D.E. 69). On February 26, 2007,

Petitioner's Sentencing Hearing was held (Crim. D.E. 74). Ayala-Colón was sentenced to a term of imprisonment of sixty (60) months, a Supervised Release term of three (3) years and a Special Monetary Assessment of one hundred (100) dollars as to Count One (1); as to Count Two (2) Petitioner was sentenced to a term of imprisonment of eighty four (84) months to be served concurrently with Count One (1), A Supervised Release Term of Five (5) years and a Special Monetary Assessment of one hundred (100) dollars; as to Count Three (3) Ayala-Colón was sentenced to a term of imprisonment of eighty four (84) months to be served consecutively to Count One (1) and Two (2), a term of Supervised Release of five (5) years and a Special Monetary Assessment of one hundred (100) dollars. All terms of Supervised Release were imposed concurrently with each other (Crim. D.E. 77). On March 3, 2007, Petitioner filed a Notice of Appeal (Crim. D.E. 72).

On December 18, 2008, the First Circuit Court of Appeals issued its Opinion & Order affirming Petitioner's conviction, United States v. Cruz-Diaz, 550 F.3d 169 (1st Cir. 2008). The only issue raised by Petitioner on appeal was precisely the Court's allowance of the FBI agent's statement previously discussed. Petitioner argued that the allowance of the statement provoked both a Crawford and a Bruton problem which could have been avoided either by the suppression of the statement or severing his trial, Cruz-Diaz at 175-176. The First Circuit Court found otherwise.

"Ayala says that his right to confrontation has been infringed under both Crawford and Bruton. As we explain more fully below, however, the admission of Cruz's out-of-court statement offended neither Crawford nor Bruton for two reasons. First, the statement was not offered for its truth-that is, to prove that the money was in the bag, that they were "screwed" or even that the defendants were the true culprits-but rather to explain why the FBI and police did not pursue other investigatory options after apprehending the defendants. And second, Ayala's trial strategy opened the door to the statement's admission." Cruz-Diaz at 176.

"Here the government introduced Cruz's confession to explain why the authorities cut short their investigation into the robbery, specifically, why they did not take fingerprints or DNA evidence from the red Mazda. The district court drove this point home to the jury on two separate occasions." Cruz-Diaz at 177.

"Here, as explained above, the district court admitted Cruz's out-of-court statement not to prove the truth of the matter asserted but to rebut Ayala's attempt to cast doubt on the integrity of the government's investigatory efforts. The district court instructed the jury

Civil No. 09-2220(PG)                                                  Page 12

>             as to the limited nature of the statement's
>             admission.  And the government's interest in
>             introducing the substance of the confession,
>             rather than a more sanitized narrative, was both
>             legitimate and strong." Cruz-Diaz at 179-180.

No petition for certiorari was filed and conviction became final on March 18, 2009.  On December 7, 2009, Petitioner's 2255 Request for Relief was timely filed (D.E. 1).

**II. DISCUSSION**

In his 2255 Petition, Ayala-Colón raises one (1) allegation of ineffective assistance of counsel as to both his trial and appellate counsel.[7]  Petitioner alleges that due to his trial counsel's failure to file and argue for a severance from his co-defendant, the admission of his co-defendant's out of court statement as to the money bag and them being caught caused both a Crawford and Bruton problem which in turn caused him not to have a fair trial.

Petitioner alleges that his appellate counsel failed to raise this same argument on appeal.

Not only does the record contradict Petitioner's claim but the First Circuit Court already specifically addressed the issues now raised by Ayala-Colón and he is therefore barred from raising them in his section 2255 motion.

Previously settled claims

---

    [7]The record reflects that Petitioner's trial and appellate counsel was attorney Juan Matos De Juan.

A detailed reading of the First Circuit Court's opinion in <u>United States</u> v. <u>Cruz-Diaz</u>, 550 F.3d 169, parts of which are previously transcribed, leaves no doubt that this same allegation was already dealt with at the appellate level. There is no room for re-arguing the same issue.

Claims which have been previously settled in direct appeal, cannot be revisited through a collateral proceeding <u>Withrow</u> v. <u>Williams</u>, 507 U.S. 680 (1983).[8] Furthermore, the First Circuit Court has clearly established that a section 2255 petition cannot be used to litigate matters that were decided on appeal, <u>Argencourt</u> v. <u>United States</u>, 78 F. 3d 14 (1st Cir. 1996); <u>Singleton</u> v. <u>United States</u>, 26 F.3d 233 (1st Cir. 1993).  Petitioner is trying to circumvent the system by re-litigating an issue that the First Circuit already resolved; by raising it as ineffective assistance of counsel of both his trial and appellate attorney. The same shall not be permitted.

Simply put Ayala-Colón must accept the fact that he was correctly and legally convicted and sentenced; there is no room for "buyers remorse".

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **JOSE ALFREDO AYALA-COLON**, is not entitled to federal habeas relief on the claims.  Accordingly, it is

---

[8] Ayala-Colón-Mendez has not even attempted to make a showing of actual innocence or cause and prejudice.

ordered that petitioner **JOSE ALFREDO AYALA-COLON's** request for habeas relief under 28 U.S.C. Sec. 2255 (D.E.1) is **DENIED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.** Petitioner's request for evidentiary hearing is also **DENIED.**

### IV. CERTIFICATE OF APPEALABILTY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th of April 2012.

*s/ Juan M. Pérez-Giménez*
**JUAN M. PEREZ-GIMENEZ**
**UNITED STATES DISTRICT JUDGE**